UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAURA BIEGAJSKI,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-132

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S MOTION TO REMAND (DOC. 8) BE GRANTED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) FOR IMMEDIATE FURTHER ACTION; AND (3) THIS CASE BE ADMINISTRATIVELY TERMINATED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] Doc. 3 at PageID 18. Now before the Court is the Commissioner's motion to remand (doc. 8), which was filed prior to the filing of the administrative record. Plaintiff filed a memorandum in opposition to the Commissioner's motion. Doc. 9. Thereafter, the Commissioner filed a reply. Doc.10. The Court has carefully considered all of the foregoing and the Commissioner's motion to remand is ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

The Commissioner moves to remand this case under the Sixth Sentence of 42 U.S.C. § 405(g) arguing that good cause exists for remand because Plaintiff's claims file cannot be located and, therefore, a complete copy of the administrative record cannot be prepared and filed with the Court. *Id*. at PageID 45. Pursuant to the Sixth Sentence of § 405(g), "[t]he court may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the . . . answer, remand the case . . . for further action[.]"[3] 42 U.S.C. § 405(g). "[W]here the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record." *Austermiller v. Astrue*, No. 3:10CV1697, 2010 WL 5553865, at *1 (N.D. Ohio Dec. 1, 2010), *report and recommendation adopted sub nom. Austermiller v. Comm'r of Soc. Sec.*, No. 3:10CV1697, 2011 WL 53059 (N.D. Ohio Jan. 7, 2011); *see also McKenzie v. Astrue*, 442 F. App'x 161, 163 (5th Cir. 2011).

Based on the foregoing, the undersigned finds good cause exists to remand the case so that the Commissioner can produce a record. Accordingly, the undersigned **RECOMMENDS** that: (1) the Commissioner's motion to remand (doc. 8) be **GRANTED**; (2) this case be **REMANDED** to the Commissioner for further action under the Sixth Sentence of 42 U.S.C. § 405(g); and (3) this action be administratively **TERMINATED** on the Court's docket. Although the undersigned is cognizant of Plaintiff's concerns regarding the lengthy pendency of her applications, as well as the inexplicable loss of her records, it is not clear what other relief the Court can provide. The Court, to the extent it can, directs that this matter be given immediate attention on remand and that the record be re-developed and a determination thereon be completed forthwith.

Date: __April 30, 2019__         s/ Michael J. Newman
                                 Michael J. Newman
                                 United States Magistrate Judge

---

[3] Notably, by application of this Court's Local Rules, the filing of the administrative record serves as the Commissioner's answer to Plaintiff's complaint. *See* S.D. Ohio Civ. R. 8.1(a).

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).