UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAURA B.,[1] | : | Case No. 3:18-cv-132 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

This matter has returned before the Court for review of Plaintiff Laura B.'s claim challenging the Social Security Administration's denial of her application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #20), the Commissioner's Memorandum in Opposition (Doc. #21), Plaintiff's Reply (Doc. #22), and the administrative record (Doc. #18).

**I.**  **Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on March 28, 2014, alleging disability due to Attention Deficient Hyperactivity Disorder (ADHD), diabetes type 2, fibromyalgia, depression, generalized anxiety disorder, hearing loss in her left ear leading to loss of balance, Asperger's Syndrome, mild hypochondria, and possible bipolar disorder. (Doc. #18-6, *PageID* #s 264-73). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Mark Hockensmith. The ALJ concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. (Doc. #18-2, *PageID* #s 161-72). After the Appeals Council denied review, Plaintiff filed the present case in the United States District Court for the Southern District of Ohio (Docs. #s 1, 3). However, because part of Plaintiff's claims file could not be located by the Commissioner, this Court remanded the case to the Commissioner pursuant to the sixth sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. #s 13, 14, 15). Upon remand, ALJ Gregory G. Kenyon held a second hearing via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since March 28, 2014, the application date. |
| Step 2: | | Plaintiff has the following severe impairments: diabetes mellitus; a history of bilateral carpal tunnel syndrome with release surgery; history of bilateral cubital tunnel syndrome with release surgery; obesity; ADHD; an anxiety disorder with associated social phobia; and depression. |

| | |
|---|---|
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except: (1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) frequent balancing; (3) no climbing of ladders, ropes, or scaffolds; (4) frequent use of the upper extremities for handling and fingering; (5) frequent overhead reaching; (6) limited to simple, routine, repetitive tasks; (7) occasional, superficial contact with coworkers and supervisors, where superficial contact is described as able to receive simple instructions, ask simple questions, and receive performance appraisals, but as unable to engage in more complex social interactions, such as persuading other people or resolving interpersonal conflicts; (8) no public contact; (9) no teamwork or tandem tasks; (10) no fast-paced production work or strict production quotas; and (11) limited to performing jobs that involve very little, if any, change in the job duties or the work routine from one day to the next."
Plaintiff has is unable to perform her past relevant work. |
| Step 5: | Plaintiff can perform a significant number of jobs that exists in the national economy. |

(Doc. #18-2, *PageID* #s 103-09). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 28, 2014. *Id.* at 110.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #18, *PageID* #s 103-10), Plaintiff's Statement of Errors (Doc. #20), the Commissioner's Memorandum in Opposition (Doc. #21), and Plaintiff's Reply (Doc. #22). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r*

3

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.**     **Discussion**

In her Statement of Errors, Plaintiff identifies one assignment of error, which is that "the ALJ reversibly erred by failing to build a logical bridge between the evidence and his conclusion that [Plaintiff] could sustain full-time competitive light exertion work." (Doc. #20, *PageID* #1346). According to Plaintiff, the ALJ failed to cite to substantial evidence that Plaintiff could sustain light work. *Id*. at 1346-47. Specifically, Plaintiff alleges that, in formulating her physical RFC, the ALJ relied solely on the "severely outdated" medical opinion of the state agency reviewer, Esberdado Villanueva, M.D., for whom he the ALJ attributed only "some weight." *Id*.

In response, the Commissioner defends the ALJ's reliance on the 2013 opinion of Dr. Villanueva by pointing out that "there were no other medical opinions pertaining to Plaintiff's physical limitations in the record." (Doc. #21, *PageID* #1356). The Commissioner further maintains that the ALJ's decision is supported by substantial evidence. *Id*. at 1353-59.

It is well-settled that the plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec*., 502 F.3d 532, 545 (6th Cir. 2007). It is equally accepted, however, that it is the ALJ who bears the burden to develop the administrative record upon which his decision rests. *Lashley v. Sec'y of Health and Human Servs*., 708 F.2d 1048, 1051-52 (6th Cir. 1983). This duty arises because "[s]ocial security proceedings—unlike judicial ones—are inquisitorial, not adversarial." *Chester v. Comm'r of Soc. Sec*., No. 11-1535, 2013 WL 1122571, at *8 (E.D. Mich. Feb. 25, 2013); *see also, Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate facts and develop the arguments both for and against granting benefits.").

Further, while there is "no bright line test" for determining whether the ALJ has failed to fully develop the record, *Lashley*, 708 F.2d at 1052, matters are subject to remand if the "ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec*., No. 3:10 CV 25, 2011 WL 5024866, at *1–3 (N.D. Ohio Oct. 21, 2011); *see also Colaner v. Comm'r of Soc. Sec*., No. 12-CV-00716, 2013 WL 5487037, at *4 (S.D. Ohio Sept. 30, 2013) (Marbley, D.J.) ("Where, as here, an ALJ determines a plaintiff's RFC based

5

on no medical opinion evidence, and instead interprets, on his own, 'raw medical data,' the Court cannot find that there exists substantial evidence to support the ALJ's determination."). Under these circumstances, the ALJ's obligation to develop the record may be satisfied, without obtaining additional evidence, if the evidence involves "relatively little physical impairment" such that the ALJ can render "a commonsense judgement about functional capacity." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). This, however, would only apply in a "limited" number of cases "when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from such evidence without the assistance of a current medical source." *Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *10 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted sub nom.*, No. 15-CV-10966, 2016 WL 2848422 (E.D. Mich. May 16, 2016) (citations omitted).

In all other cases, the ALJ must fulfill his obligation to develop a complete record by utilizing the tools provided in the regulations for ordering additional opinion evidence, such as "recontact[ing] the treating source, order[ing] a consultative examination, or hav[ing] a medical expert testify at the hearing." *Deskin*, 605 F. Supp. 2d 908 at 912. At base, the "key inquiry" in these circumstances is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *3–5 (S.D. Ohio Feb. 7, 2017) (Newman, M.J.) (quotation marks and citation omitted), *report and recommendation adopted sub nom.*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017) (Rice, D.J.).

In this case, as pointed out by the Commissioner, there is only one medical opinion concerning Plaintiff's physical RFC.[3] Esberdado Villanueva, M.D, a non-examining state agency physician, reviewed Plaintiff's files and authored an opinion in December 2013. (Doc. #18-2, *PageID* #s 149-52). Dr. Villanueva considered Plaintiff's diabetes mellitus diagnosis and opined that she could occasionally lift and/or carry fifty pounds and frequently lift and/or carry twenty-five pounds. *Id*. at 149, 151. He also concluded that she could only stand and/or walk for a total of six hours; sit for a total of six hours; occasionally crawl and climb ladders, ropes, or scaffolds; and frequently stoop, kneel, crouch, and climb ramps or stairs. *Id*. at 151. Dr. Villanueva found no balancing, manipulative, visual, communicative, or environmental limitations. *Id*. at 151-52. Finally, he noted that Plaintiff complained of back pain but had "no leg weakness or radiculopathy" and that her diabetes was "well controlled." *Id*. at 152.

In reviewing this opinion, the ALJ found it was entitled to "some weight," simply stating that "Dr. Villanueva's findings are somewhat consistent with the overall objective evidence, however, [Plaintiff] did have one isolated bout of neuropathy in June 2020, and in construing the evidence in a more favorable light to [Plaintiff] the undersigned finds that a reduction to light work is warranted." (Doc. #18-2, *PageID* #107).

Plaintiff, however, challenges the ALJ's reliance on Dr. Villanueva's opinion, pointing out that it was insufficient and outdated. (Doc. #20, *PageID* #s 1346-47). Indeed, the record reflects that, following Dr. Villanueva's review in December 2013, Plaintiff submitted additional medical

---

[3] Notably, based on a review of the record and ALJ Hockensmith's opinion from 2017, it appears that there were previously two additional medical opinions on Plaintiff's physical impairments from consultative examiner, Amita Oza, M.D., and record reviewing physician, Maria Congbalay, M.D.. (*See* Doc. # 18-2, *PageID* #s 161-172, 176). Presumably, these opinions were part of the claims file that the Commissioner was unable to locate when this case first came up on appeal and the basis for which this case was remanded in 2019.

records extending through early 2021, for which there is no medical opinion related to Plaintiff's physical limitations. (*See* Doc. #18, *PageID* #s 394-919). Significantly, this evidence included numerous examinations with abnormal findings. In fact, in her Statement of Errors, Plaintiff points to such treatment records that evidence a deterioration in her physical condition, including her June 2020 hospitalization for "lower extremity numbness, which was attributed to diabetic neuropathy[;]" documentation that she exhibited "'gait/mobility' instability and was prescribed a front-wheeled walker[;]" a treatment note from Eseoghene Ayisire, M.D. indicating that Plaintiff's May 2020 x-rays revealed lumbar degenerative disease, which could lead to spinal surgery; further evidence from 2020 documenting Plaintiff's gait difficulty, decreased flexibility in bilateral lower extremities, and pain; and the prescription of a Handicap Placard in January 2021 as a result of her difficulty walking. *Id*. (citing Doc. #18-12, *PageID* #s 599-600, 608-609; Doc. #18-14, *PageID* #s 709, 712, 718; Doc. #18-16, *PageID* #804). As such, these medical records constitute "a critical body of objective medical evidence" for which Dr. Villanueva did not consider, thus necessitating further development of the record. *Kizys*, 2011 WL 5024866, at *2.

Further, this is not a case where the evidence "shows relatively little physical impairment" such that the ALJ was able to make a "commonsense judgment" about Plaintiff's functional capacity without the assistance of a medical opinion. *See Deskin*, 605 F. Supp. 2d at 912. On the contrary, the additional medical records submitted by Plaintiff appear to show a deterioration of her bilateral extremity functioning from her ongoing diabetes and developing lumbar degenerative disease. With the exception of Plaintiff's June 2020 hospitalization, the objective evidence identified above by Plaintiff was largely ignored by the ALJ. While it is the function of the ALJ to

ultimately assess a plaintiff's RFC, it is the function of a medical expert to interpret these types of raw medical data "in terms that the ALJ, who is not a medical professional, may understand[.]" *Griffin v. Astrue*, No. 3:07-cv-447, 2009 WL 633043, at *10 (S.D. Ohio Mar. 6, 2009) (Rose, D.J.).

Simply put, while Plaintiff's examinations, imaging reports, and diagnostic records "may appear minimal to the lay person, the ALJ was not qualified to translate this medical data into functional capacity determinations." *Mabra v. Comm'r of Soc. Sec.,* No. 2:11-CV-00407, 2012 WL 2319245, at *9 (S.D. Ohio June 19, 2012) (Preston Deavers, M.J.), *report and recommendation adopted*, No. 2:11-CV-00407, 2012 WL 3600127 (S.D. Ohio Aug. 21, 2012) (Sargus, D.J.). Thus, being faced with a critical body of objective medical evidence involving Plaintiff's physical impairments, without the aid of any medical expert of record, the ALJ was obligated to develop a complete record by ordering additional opinion evidence. *See Deskin*, 605 F. Supp. 2d at 912. Here, the ALJ "could have solicited the opinion of a medical expert, ordered an additional consultative exam, or sent the [imaging] records, and other records back to the state agency reviewing physician[s] for an updated assessment. However, no such steps were taken." *Gentry v. Comm'r of Soc. Sec.*, No. 1:17 CV 1182, 2018 WL 4305213, at *5 (N.D. Ohio Sept. 10, 2018) (internal citations and quotations omitted). Instead, the ALJ based Plaintiff's physical RFC on his own interpretation of the raw medical data. *See id*. As a result, his RFC determination is not supported by substantial evidence.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

### IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security

Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the Court's docket.

January 23, 2023

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).